MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
In my view, the majority, by interpreting the phrase “school teach *292 ers” to include, only those teachers employed by a school district has done violence to the separation of powers doctrine.
The Thirty-first Legislative Assembly added the words “or school teachers” in Section 7, Chapter 131, Laws 1949. Chapter 131 is entitled in pertinent part “An Act Relating To Annual Vacation Leave for State, County, and City Employees . . .,” and Section 7, after amendment, states: “The term ‘employee’ as used herein, does not refer to or include elected state, county, or city officials, or school teachers.”
By its very heading, the act could not be construed as providing vacation leave for school teachers employed by a school district. It could, however, prior to amendment, be construed as providing vacation leave for a school teacher employed by the state, county, or city. In my opinion, the addition of the words “or school teachers” in the exclusion section must be given some effect, whereas the majority opinion treats those words as nonexistent.
Section 53-30-207, MCA, applicable to Mountain View and Pine Hills Schools, requires that:
“The academic and vocational curricula in facilities containing academic and vocational training shall include such academic and vocational subjects as are taught in the public schools of the state and shall conform to the standards set by the board of public education.”
The teachers employed at the two state schools are required to be certified in the same manner as all teachers employed in the public schools of the state, and are represented by the Mountain View Education Association, affiliated with the Montana Education Association. The Collective Bargaining Agreement between the State of Montana and the Mountain View Education Association provides for 185 work days per teacher work year and specifically covers employee benefits as follows: Sick leave, family sick leave, maternity leave, jury duty, military leave, leave for public office, professional staff development, training, leave of absence, and paid release time for mediation and fact finding. The detailed arbitration provisions declare that no arbitrator shall have the power to add to, detract from, or modify the terms of the agreement.
To define the words “school teacher” to exclude any certified teacher who is employed by an agency other than a school district is, in my opinion, a denigration of the collective bargaining process.